UNITED STATES DISTRICT COURT		SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Cynthia Antwi, | § | |
| Plaintiff, | § | |
| versus | § | Civil Action G-07-348 |
| CVS Corporation, | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

A pharmacist says that her company used race and sex in work-related decisions, and was fired for complaining about it. Her employer says that customer complained against her and that she violated company policy. The employer will prevail.

2. *Background.*

Cynthia Antwi – a black woman – worked as a pharmacist for CVS Caremark Corporation in Pearland, Texas, for almost three years. In early July of 2006, CVS says that Antwi left the store unattended and was hostile toward the manager. For that, CVS warned Antwi in writing and talked to her about this behavior.

A week later, Antwi charged CVS with discrimination on race and sex. Three months later, CVS reported to Antwi that it rated her with an overall "needs improvement" in the annual evaluation done in the summer of 2006. Antwi then amended her charge with the Equal Employment Opportunity Commission to include retaliation.

From the time of the amendment until February of 2007, CVS says five customers complained about Antwi's poor service. CVS replaced Antwi's supervisor. The new supervisor and the district manager of CVS talked to Antwi about her poor service.

CVS says Antwi's attitude did not improve, because three additional customers complained about her. On April 20, 2007, CVS fired Antwi for not filling a customer's legitimate prescription. Antwi was replaced by Ruby Akuchie, a black woman.

3.     *Discrimination.*

Antwi has no case for discrimination because she was replaced by someone inside the protected class. *See Okoye v. The Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). CVS replaced Antwi with another black woman. (Antwi Dep. 56: 8-13, 159:3-9, Sept. 25, 2007.) CVS also treated Antwi the same as its other employees. CVS fired three other pharmacists for the same offense as Antwi during her tenure. (Griffin Decl. ¶ 2)

4.     *Retaliation.*

Antwi cannot establish retaliation because she has no facts, only the chronology – after something, therefore, because of it. This is a necessary condition but not a sufficient one. Antwi did not prove a causal connection between her protected activity and her being fired. *See Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2410 (2006). CVS did not fire Antwi after she charged it with discrimination. It did not even fire Antwi after eight customers had complained about her. It only finally did it when she refused to fill a legitimate prescription. No compelling, temporal proximity exists between Antwi's complaint to the Commission and her discharge to support a claim of retaliation. She has no circumstances to add to the bare sequence. *See Strong v. Univ. Health Care Sys., LLC*, 482 F.3d 802 (5th Cir. 2007)(holding a three and one-half month span between the employee's complaint and her discharge could not standing alone establish causation).

CVS did not show resentment for Antwi because it had rated Antwi with an overall "needs improvement" five weeks before the Commission reported her charge. Further, the supervisor who evaluated Antwi was different from the one who fired her.

5.     *Abstractions.*

Because Antwi has no facts, she supplies abstractions. A co-worker of Antwi, Alma Cardenas, stated that she witnessed the discrimination in terms of time-off and salary. These bald assertions in Cardenas's affidavit are unsubstantiated by a single fact. Aside from the facial defects of the affidavit, Antwi did not disclose Cardenas as a potential witness in her written discovery; therefore, it is excluded. *See* Fed. R. Civ. P. 37(b)-(c)

Antwi did not plead discrimination on national origin, but she claims it for the first time in her response. Antwi may not assert a new claim in the case that she did not raise and exhaust administratively. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004). Race and national origin are distinct claims, and they must be alleged separately.

6.  *Conclusion.*

Unlike Antwi's simple assertions of discrimination and retaliation, Antwi's poor performance is objectively supported. Cynthia Antwi will, therefore, take nothing from CVS Caremark Corporation.

Signed on February 25, 2008, at Houston, Texas.

 

Lynn N. Hughes
United States District Judge